IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: Exide Technologies, *et al* | ) | Bankr. Case No. 02-11125 (KJC) |
| | ) | |
| EnerSys Delaware, Inc., | ) | |
|           Appellant, | ) | Civil Action No. 06-302 |
| | ) | |
| v. | ) | |
| | ) | |
| Exide Technologies, | ) | |
|           Appellee. | ) | |
| | ) | |

**OBJECTION OF ENERSYS DELAWARE, INC. F/K/A ENERSYS, INC. TO MOTION OF REORGANIZED EXIDE TECHNOLOGIES TO EXPEDITE APPEAL**

EnerSys Delaware, Inc. f/k/a EnerSys, Inc. ("**EnerSys**"), by and through its undersigned attorneys, objects to Reorganized Exide Technologies' ("**Reorganized Exide**") motion to expedite the appeal (the "**Motion**") on the following bases:

    1.    On August 7, 2006, Reorganized Exide filed the Motion seeking an expedited schedule for briefing and oral argument. Pursuant to Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware ("**D. Del. L.R.**") 7.1.2, EnerSys' responsive pleading would have been due on August 17, 2006.

    2.    On August 8, 2006, prior to the time EnerSys had to file a response to the Motion, the Court entered an order (the "**Scheduling Order**") establishing a briefing schedule. The Scheduling Order does not make any reference to the Motion.

    3.    Following entry of the Scheduling Order and in an effort to resolve the Motion, EnerSys contacted counsel for Reorganized Exide and requested that it withdraw the Motion since the Motion appeared to have been rendered moot by the Scheduling Order. Reorganized Exide refused.

4. Given the obvious facial defects in the Motion, EnerSys will not waste the Court's time responding to Reorganized Exide's allegations, commentary or arguments. EnerSys' silence, however, should not be taken as agreement with such allegations, commentary and arguments. To the contrary, EnerSys does not agree with much, if any, of the Background or Argument sections within the Motion.

5. As noted above, the Motion should be denied because the Scheduling Order has rendered the Motion moot. To the extent Reorganized Exide is unhappy with the Scheduling Order, it should seek reconsideration.

6. Further, even if the Court does not agree that the Motion is moot due to the entry of the Scheduling Order, the Motion must be denied because it was improperly filed. Pursuant to D. Del. L.R. 7.1.1., counsel filing a non-dispositive motion is required to certify that "a reasonable effort" has been made to reach agreement with opposing counsel on the matters set forth in the motion. On information and belief, Reorganized Exide's counsel did not file the D. Del. L.R. 7.1.1 certification. Such omission is not surprising since counsel for Reorganized Exide never contacted counsel for EnerSys with a specific proposal for an expedited briefing schedule. Counsel for Reorganized Exide did ask counsel to EnerSys whether, in concept, EnerSys would entertain or join in a request for an expedited appeal. Counsel to EnerSys, while admitting EnerSys likely would not entertain an expedited appeal process, did not foreclose such possibility and requested, on several occasions, including before the Motion was filed, a specific proposal. No such specific proposal was ever provided by Reorganized Exide prior to the filing of the Motion. In fact, the Motion itself contains no specific proposal. It was only after EnerSys' repeated request, following the filing of the Motion that Reorganized Exide provided a proposed expedited briefing schedule. Clearly, Reorganized Exide's efforts in this regard fail the intent of D. Del. L.R. 7.1.1; and, as such, the Motion must be denied.

7. To the extent this Court believes that the Motion is not moot and is not required to be denied based on Reorganized Exide's failure to comply with D. Del. L.R. 7.1.1., EnerSys submits that the Scheduling Order provides a reasonable timetable for briefing. This is a complex matter involving a substantial trial record. The Scheduling Order requires the EnerSys opening brief be filed by September 5, 2006, less than one month from now. Further, the Rejection Order and the Transition Plan do not require EnerSys to terminate use of the Exide mark until October 3, 2007 and do not permit Reorganized Exide to begin use of the mark until April 3, 2008. In other words, nothing of any importance can happen, regardless of the outcome of the appeal, for another year and a half. Under the circumstances, what exigent or unusual circumstances exist which could possibly justify shortening the time which EnerSys has to file its brief? The answer is obvious, no such unusual or exigent circumstances exist. In fact, the only interesting question is why, under the circumstances, Reorganized Exide continues to press the Motion.

WHEREFORE, EnerSys requests that the Motion be denied.

Dated: August 16, 2006

STEVENS & LEE, P.C.

/s/ Thomas G. Whalen, Jr.
Thomas G. Whalen, Jr. (No. 4034)
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 425-3304
Telecopier: (610) 371-8512
E-mail: tgw@stevenslee.com
   - and -
Robert Lapowsky, Esquire
1818 Market Street, 29th Floor
Philadelphia, PA 19103
Telephone: (215) 575-0100
Telecopier: (215) 851-0214

*Attorneys for EnerSys Delaware, Inc. f/k/a EnerSys, Inc.*

## CERTIFICATE OF SERVICE

I, THOMAS G. WHALEN, JR., hereby certify that on August 16, 2006, I caused a true and correct copy of *RESPONSE OF ENERSYS DELAWARE, INC. F/K/A ENERSYS, INC. TO MOTION OF REORGANIZED EXIDE TECHNOLOGIES TO EXPEDITE APPEAL* to be served upon the parties listed below in the manner indicated:

*Via Facsimile and Hand Delivery*
James E. O'Neill, Esquire
Pachulski, Stang, Ziehl, Young,
   Jones & Weintraub, P.C.
919 North Market Street, Suite 1600
Wilmington, DE 19801

*Via Facsimile and Federal Express*
Matthew N. Kleiman, Esquire
Matthew N. Kleiman, P.C.
2506 North Clark Street, Suite 307
Chicago, IL 60614

*Via Facsimile & Regular Mail*
Mark Kenney, Esquire
U.S. Trustee's Office
844 King Street, Room 2313
Lockbox 35
Wilmington, DE 19801

*Via Facsimile & Federal Express*
Roger P. Furey, Esquire
Intellectual Property Law Department
Katten Muchin Zavis Rosenman
1025 Thomas Jefferson Street, N.W.
Washington, D.C. 20007-5201

*Via Facsimile & Regular Mail*
Fred Hodara, Esquire
Mary R. Masella, Esquire
Akin, Gump, Strauss, Hauer & Feld, LLP
590 Madison Avenue
New York, NY 10022

*Via Facsimile & Regular Mail*
Mark D. Collins, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Via Facsimile & Regular Mail*
David B. Stratton, Esquire
Pepper Hamilton LLP
1201 Market Street, Suite 1600
P.O. Box 1709
Wilmington, DE 19899-1709

*Via Facsimile & Regular Mail*
Douglas P. Bartner, Esquire
Marc B. Hankin, Esquire
Shearman & Sterling
599 Lexington Avenue
New York, NY 10022

*Via Facsimile & Regular Mail*
Laurie Selber Silverstein, Esquire
Potter, Anderson & Corroon, LLP
Hercules Plaza
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951

*Via Facsimile & Regular Mail*
Richard S. Cobb, Esquire
Landis Rath & Cobb LLP
919 Market Street, Suite 600
Wilmington, Delaware 19801

*Via Facsimile & Regular Mail*
Marcia Landweber Goldstein, Esquire
Troy L. Cady, Esquire
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

*Via Facsimile and Federal Express*
Paul Garcia, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, Illinois 60601

_/s/ Thomas G. Whalen, Jr._
    THOMAS G. WHALEN, JR.