IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EXIDE TECHNOLOGIES, et al. | ) | Bk. No. 02-11125 (KJC) |
| | ) | |
| | ) | |
| | ) | |
| ENERSYS DELAWARE, INC., | ) | Civ. No. 06-302 (SLR) |
| | ) | |
| Appellant, | ) | |
| | ) | AP No. 06-33 |
| v. | ) | |
| | ) | |
| EXIDE TECHNOLOGIES, | ) | **Related Docket Nos. 11 and 13** |
| | ) | |
| Appellee. | ) | |
| | ) | |

### REPLY OF REORGANIZED EXIDE TECHNOLOGIES TO OBJECTION OF ENERSYS DELAWARE, INC. F/K/A ENERSYS, INC. TO MOTION OF REORGANIZED EXIDE TECHNOLOGIES TO EXPEDITE APPEAL

Reorganized Exide Technologies and its debtor affiliates (collectively, "Exide") hereby replies to the Objection (the "Objection") of EnerSys Delaware, Inc. f/k/a EnerSys, Inc. ("EnerSys") to Motion of Reorganized Exide Technologies to Expedite Appeal (the "Motion"), and respectfully states as follows:

### BACKGROUND

1.      On August 5, 2006, Exide filed the Motion in which it requested that the Court expedite this appeal filed by EnerSys (as amended, the "Appeal"). Specifically, Exide requested the immediate entry of a briefing schedule and an accelerated schedule for oral argument, if such argument were desired by the Court.

2.      On August 8, 2006, the Court entered a scheduling order (the "Scheduling Order"), which established a briefing schedule.

3.     On August 16, 2006, EnerSys filed the Objection, in which it argues that the Motion was improperly filed as it did not contain a certification ("Certification") pursuant to Local Rule 7.1.1 of Civil Practice and Procedure of the United States District Court for the District of Delaware, that the Motion is moot, and that the Scheduling Order provides a reasonable timetable for briefing.

## REPLY

4.     To the extent the Motion was deficient for failing to include a Certification, simultaneously with the filing of this Reply, Exide files its Certification.  As illustrated by the Certification, on at least three separate occasions, counsel for Exide proposed a joint motion to expedite the Appeal, which EnerSys refused each time.  On May 26, 2006, Matthew Kleiman, counsel for Exide, proposed a joint motion to expedite in a call with EnerSys's counsel, Robert Lapowsky.  EnerSys, through Mr. Lapowsky, rejected the proposal that same day.  On June 21, 2006, at the hearing before the bankruptcy court on transition matters, Exide again proposed that the parties jointly agree to expedite the appeal.  EnerSys refused.  While most of this proposal was discussed outside the courtroom, it was also referenced several times on the record.  Finally, on July 27, 2006 at the mediation in Wilmington, Delaware, once it became evident that a settlement was not going to be reached, Mr. Kleiman invited EnerSys to join in the anticipated Motion.  EnerSys, through Mr. Lapowsky, again declined.  *See* Certification of Counsel Pursuant to Local Rule of Civil Practice and Procedure for the United States District Court for the District of Delaware 7.1.1 attached hereto.   Further, EnerSys, in paragraph 6 of the Objection, acknowledges that, prior to filing the Motion, counsel for Exide communicated with counsel for EnerSys in an attempt to reach agreement on the matters set forth in the Motion.

5.     Exide also notes that the Motion is not moot.  It does not appear that this Court

2

considered the Motion when it issued its Scheduling Order. The Court still has discretion to expedite the appeal, and for the reasons stated in the Motion, good cause exists for doing so.

6.    Exide respectfully suggests that after the filing of EnerSys's opening brief on September 5, 2006 (as provided in the Scheduling Order) the governing timetable should be as set forth in Rule 8009 of the Federal Rules of Bankruptcy Procedure. Under Rule 8009, Exide's brief in opposition to the appeal would be due within 15 days after service of EnerSys's opening brief, *i.e.*, on or before September 20, 2006. Rule 8009 provides that EnerSys's reply brief would be due within 10 days after service of Exide's brief, *i.e.*, on or before October 2, 2006.

7.    Exide also notes that EnerSys makes no objection to Exide's request for an accelerated schedule for oral argument, if such argument were desired by the Court. Accordingly, Exide respectfully requests that the Court grant such relief.

*[Remainder of Page Left Intentionally Blank]*

WHEREFORE, for the reasons stated above and in the Motion, Exide respectfully requests that this Court expedite the Appeal and enter an order (i) setting a revised briefing schedule as provided in this Reply; (ii) setting an accelerated schedule for oral argument, if such argument is desired by the Court; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: August 23, 2006   MATTHEW N. KLEIMAN, P.C.

Matthew N. Kleiman
2506 North Clark Street, Suite 307
Chicago, IL 60614
Telephone: (312) 543-0412
Facsimile: (773) 868-4844

-and-

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Sandra G. M. Selzer (Bar No. 4283)
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Reorganized Debtor

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EXIDE TECHNOLOGIES, et al. | ) | Bk. No. 02-11125 (KJC) |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| ENERSYS DELAWARE, INC., | ) | Civ. No. 06-302 (SLR) |
| | ) | |
| Appellant, | ) | |
| | ) | AP No. 06-33 |
| v. | ) | |
| | ) | |
| EXIDE TECHNOLOGIES, | ) | **Related Docket Nos. 11 and 13** |
| | ) | |
| Appellee. | ) | |
| | ) | |

**CERTIFICATION OF COUNSEL PURSUANT TO
LOCAL RULE OF CIVIL PRACTICE AND PROCEDURE FOR THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE 7.1.1**

      1.     I, Matthew N. Kleiman, counsel for Reorganized Exide Technologies

("Exide"), pursuant to D.Del.L.R. 7.1.1, hereby file this certification in support of the *Motion of*

*Reorganized Exide Technologies to Expedite Appeal* [Docket No. 11] (the "Motion") filed on

August 5, 2006 and the *Reply of Reorganized Exide Technologies to Objection of EnerSys*

*Delaware, Inc. f/k/a EnerSys, Inc. ("EnerSys") to Motion of Reorganized Exide Technologies to*

*Expedite Appeal* filed concurrently with this certification.

      2.     Prior to filing the Motion, Exide, through its counsel, made several

attempts to reach agreement with EnerSys on Exide's request to expedite the pending appeal as

follows:

      a.     On May 26, 2006, I proposed to Enersys a joint motion to expedite as part

of a settlement proposal relating to the transition component of the dispute between the parties.

This was done in a telephone call between myself and Robert Lapowsky, counsel for EnerSys. EnerSys, through Mr. Lapowsky, rejected the proposal that same day.

        b.     On June 21, 2006, at the hearing on transition matters before the Bankruptcy Court, Exide repeatedly proposed that the parties jointly agree to expedite the appeal. This was primarily discussed outside the courtroom in settlement negotiations, but was also referenced several times on the record. <u>See</u> *Transcript of Hearing on June 21, 2006* at pages 13, 19-20, and 22, attached hereto as <u>Exhibit A</u>. EnerSys refused to agree.

        c.     On July 27, 2006, at the mediation in Wilmington, once it became evident that a settlement was not going to be reached, I invited EnerSys to join in our anticipated motion to expedite. EnerSys, through Mr. Lapowsky, again declined.

        These efforts were unsuccessful and, accordingly, Exide filed the Motion.

Dated: August 23, 2006                MATTHEW N. KLEIMAN, P.C.

                              Matthew N. Kleiman
                              2506 North Clark Street, Suite 307
                              Chicago, IL 60614
                              Telephone: (312) 543-0412
                              Facsimile:  (773) 868-4844

2

# EXHIBIT A

1

2 UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE
3

4 IN RE: . Chapter 11
.
5 Exide Technologies, .
.
6 .
Reorganized Debtors. . Bankruptcy #02-11125 (KJC)
7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

8 Wilmington, DE
June 21, 2006
9 10:00 a.m.

10 TRANSCRIPT OF HEARING
BEFORE THE HONORABLE KEVIN J. CAREY
11 UNITED STATES BANKRUPTCY JUDGE

12

13 APPEARANCES:

14 For The Reorganized          James O'Neill, Esq.
Debtors:                     Pachulski Stang Ziehl Young
15                              Jones & Weintraub, LLP
                             919 North Market St., 17th Floor
16                              Wilmington, DE 19899

17                              Matthew N. Kleiman, Esq.
                             Matthew N. Kleiman, P.C.
18                              2506 North Clark St.-Ste. 307
                             Chicago, IL 60614
19
                             Roger Furey, Esq.
20                              Katten Muchin Rosenman, LLP
                             1025 Thomas Jefferson St., N.W.
21                              East Lobby, Ste. 700
                             Washington, DC 20007
22
(Via telephone)              Holly Pritchard
23                              Exide Technologies

24 For EnerSys, Inc.:          Thomas Whalen, Esq.
                             Stevens & Lee, PC
25                              1105 North Market St., 7th Floor
                             Wilmington, DE 19801



5540
P. 4-06

2

```
 1                                    Robert Lapowsky, Esq
                                      Stevens & Lee, PC
 2                                    1105 North Market St., 7th Floor
                                      Wilmington, DE 19801
 3
         For the Post Confirmation:    David Stratton, Esq.
 4       Committee                     Pepper Hamilton, LLP
                                       Hercules Plaza
 5                                     1313 Market Street-Ste. 5100
                                       Wilmington, DE 19899
 6
         Audio Operator:               Jason Smith
 7
         Transcribing Firm:            Writer's Cramp, Inc.
 8                                     6 Norton Rd.
                                       Monmouth Jct., NJ 08852
 9                                     732-329-0191

10       Proceedings recorded by electronic sound recording, transcript
         produced by transcription service.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

13

1  independent expert, and given the fact that we are so close,

2  18, 24, 24, 24, and given my understanding that I don't think

3  EnerSys feels the need for experts at this stage -- and they

4  can certainly speak to that if they disagree -- that's no

5  longer part of our proposal for this process.

6         THE COURT:  And I, and after hearing the parties at

7  this point, I don't think it would be useful to add yet another

8  layer of process to the process.

9         MR. FUREY:  Good.  Well, we're all in agreement on

10  that, Your Honor.  And the revised Transition Plan is all about

11  avoiding delay.  And we are certainly going to move to expedite

12  the appellate process, and hopefully EnerSys will join in that

13  so that everyone can have a decision before there's a need for

14  further hearings on Motions for Stay.  But we think we can

15  accelerate that process.

16         And then the last clarification.  What I've presented is

17  in tandem with the Motion for Stay issue.  And, you know, we've

18  made a huge concession, especially with respect to the rest of

19  the world.  And if the stay were granted here today, we would

20  want to revisit that issue before the Court orders the final

21  Transition Plan.

22         THE COURT:  Okay.  I'm sorry, I don't -- tell me what

23  you mean.

24         MR. FUREY:  Mr. Kleiman is going to be arguing on the

25  Motion for Stay.  EnerSys is gonna argue on the Motion for

19

1  fully out of the market; 18 months for EnerSys to leave the

2  market; 6 more months for EnerSys to sell off any pipeline

3  inventory with some communications details being added to that

4  timeline.  As I said before I left, I didn't see there being

5  much of a gap between what we had proposed within the limits of

6  what your order allowed, which was a maximum of 2 years, and

7  what they've proposed.  So again, subject to seeing it in

8  writing, I think we're either there or very close to being

9  there.

10       The stay issue is still alive, though.  And it's alive for

11  the reasons that I referred to before we went off the record,

12  and that is our concern that any either withdrawal by us of the

13  Stay Motion at this point or failure to prosecute it fully,

14  meaning with you, and if you deny it, with the Appellate Court,

15  could be argued to have some impact if we were to then reassert

16  the request later on when were closer to the point in time when

17  Exide could enter the market.  So because of that uncertainty,

18  we would intend to press the request for the stay,

19  notwithstanding the probable highly likely agreement on the

20  Transition Plan.  And I have argument that I can make on the

21  Stay Motion.  And since it's our motion, I guess I would go

22  first, but I'll defer to Exide at this point and see if they

23  have anything they would like to say about where we are.

24            THE COURT:  All right.  Thank you.

25            MR. KLEIMAN:  Well, Your Honor, not to quibble with

20

1   the characterization, but I don't think it's quite accurate to

2   say that we have a deal because without going into any of the

3   particulars that were discussed off the record, what Exide

4   proposed to EnerSys was a proposal to address all of the issues

5   on the agenda today, the Transition Plan and the stay,

6   including the proposal at address the concern that Mr. Lapowsky

7   just described about somehow being prejudiced when they might

8   renew a Stay Motion down the road.  Our proposal also included

9   a joint Motion to Expedite in front of the District Court so

10  that we can get that proceeding moving along as quickly as

11  possible.  Somewhere in those details, EnerSys concluded it was

12  not in their best interests to accept our proposal.  And so

13  we're obviously pleased that there does not appear to be

14  disagreement in terms of the details of the Transition Plan

15  itself.  Our position is and remains that our proposal, as Mr.

16  Furey described it and as we're prepared to clarify it in a

17  written post-hearing submission, does obviate any basis for the

18  entry of a stay now.  We understand that Your Honor would

19  probably have to either deny it, deny it without prejudice, and

20  we may be revisiting these issues some time down the road.  We

21  may be revisiting these issues next week in front of the

22  District Court.  But our position is and remains that we oppose

23  the stay, and I reserve my rights to present argument after Mr.

24  Lapowsky.

25          THE COURT:  Well, I'm not going to hear further

22

1   question is how does the Court wish to proceed in terms of the

2   timing and the scheduling of events, whether hearing or

3   otherwise, after that.

4           THE COURT:  I'd like to set up a timetable which sets

5   a deadline by which the Debtor will provide the written

6   proposal to EnerSys, give EnerSys some time to react and

7   discuss that with the Debtor.  And if there is no resolution

8   that would be capable of submission under certification, then I

9   would say let's address the matter at a further hearing.  Now,

10  depending on how agile the parties are and what counsels'

11  schedules are, I could set that hearing for the date we talked

12  about next week, or we could work it out so that we'd consider

13  any open issues in July at the July 12th hearing.

14          MR. KLEIMAN:  Your Honor, I think we would strongly

15  prefer to use that date next week if at all possible.  As I

16  said, it is going to be Exide's view that the appeal should be

17  expedited, and whether it's unilateral or whether EnerSys

18  ultimately decides to join us in that motion, we do intend to

19  seek to move that along as quickly as possible.  So in

20  connection with that, we think that the sooner we have

21  resolution of the issues before this Court, the easier it will

22  be for Judge Robinson to tackle the issues that need to be

23  addressed on appeal.

24          THE COURT:  Well --

25          MR. KLEIMAN:  And we're certainly prepared to make our

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Bk. No. 02-11125 (KJC) |
| EXIDE TECHNOLOGIES, et al. | ) |
| | ) |

---

| | |
|---|---|
| ENERSYS DELAWARE, INC., | ) Civ. No. 06-302 (SLR) |
| | ) |
| Appellant, | ) |
| | ) AP No. 06-33 |
| v. | ) |
| | ) |
| EXIDE TECHNOLOGIES, | ) |
| | ) |
| Appellee. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I, James E. O'Neill, hereby certify that on the _25_ day of August, 2006, I caused

a copy of the following document(s) to be served on the individuals on the attached service list(s)

in the manner indicated:

> **Reply of Reorganized Exide Technologies to Objection of EnerSys Delaware, Inc. f/k/a EnerSys, Inc. to Motion of Reorganized Exide Technologies to Expedite Appeal**
>
> **Certification of Counsel Pursuant to Local Rule of Civil Practice and Procedure for the United States District Court for the District of Delaware 7.1.1**

James E. O'Neill (Bar No. 4042)

| RECIPIENT | OFFICE | E-MAIL |
|---|---|---|
| U.S. Trustee<br>Mark S. Kenney, Esq. | Department of Justice<br>Office of the United States<br>Trustee | mark.kenney@usdoj.gov |
| Counsel to Exide<br>Matthew N. Kleiman, Esq. | Matthew N. Kleiman, P.C. | mkleimanpc@gmail.com |
| Counsel to Exide<br>Paul R. Garcia, Esq.<br>Michelle A. H. Francis, Esq. | Kirkland & Ellis LLP | pgarcia@kirkland.com<br>mfrancis@kirkland.com |
| Counsel to Exide<br>Roger P. Furey, Esq.<br>John P. Sieger, Esq.<br>Matthew A. Olin, Esq. | Katten Muchin Rosenman LLP | roger.furey@kattenlaw.com<br>john.sieger@kattenlaw.com<br>matthew.olins@kattenlaw.com |
| Exide<br>Holly Pritchard, Esq.<br>Barbara Hatcher, Esq. | Exide Technologies | holly.pritchard@exide.com<br>barbara.hatcher@exide.com |
| Counsel to Post Confirmation<br>Committee of Unsecured<br>Creditors<br>Fred S. Hodara, Esq.<br>David M. Zensky, Esq.<br>Mary Reidy Masella, Esq.<br>Rachel Lasky Gerstein, Esq.<br>Cheryl A. Falvey, Esq. | Akin Gump Strauss Hauer &<br>Feld LLP | fhodara@akingump.com<br>dzensky@akingump.com<br>mmasella@akingump.com<br>rgerstein@akingump.com<br>cfalvey@akingump.com |
| Counsel to Post Confirmation<br>Committee of Unsecured<br>Creditors<br>David B. Stratton, Esq.<br>David M. Fournier, Esq.<br>Adam Hiller, Esq. | Pepper Hamilton LLP | strattond@pepperlaw.com<br>fournierd@pepperlaw.com<br>hillera@pepperlaw.com |
| Counsel to Official Committee<br>of Equity Security Holders<br>Laurie Selber Silverstein, Esq. | Potter Anderson & Corroon LLP | lsilverstein@potteranderson.com |
| Counsel to Postpetition Lenders,<br>Citicorp USA, Inc.<br>Richard S. Cobb, Esq. | Landis Rath & Cobb LLP | cobb@lrclaw.com |

| Counsel to Postpetition Lenders, Citicorp USA, Inc.<br>Marcia Landweber Goldstein, Esq. | Weil, Gotshal & Manges LLP | marcia.goldstein@weil.com |
|---|---|---|
| Counsel to Prepetition Lenders, Credit Suisse First Boston<br>Mark D. Collins, Esq. | Richards, Layton & Finger, P.A. | collins@rlf.com |
| Counsel to Prepetition Lenders, Credit Suisse First Boston<br>William J.F. Roll, III, Esq.<br>Douglas P. Bartner, Esq.<br>Marc B. Hankin, Esq.<br>Lynette C. Kelly, Esq. | Shearman & Sterling | wroll@shearman.com<br>dbartner@shearman.com<br>mhankin@shearman.com<br>lkelly@shearman.com |
| Counsel to EnerSys, Inc.<br>Robert Lapowsky, Esq.<br>Thomas G. Whalen, Jr., Esq.<br>John J. Miravich, Esq. | Stevens & Lee, P.C. | rl@stevenslee.com<br>tgw@stevenslee.com<br>jjm@stevenslee.com |
| Mediator<br>J. Richard Tucker, Esq. | Maron & Marvel, P.A. | jrt@maronmarvel.com |

Exide Technologies – EnerSys Service List
Case No. 02-11125 (KJC)
Document No. 120280
07 – Hand Delivery
11 – First Class Mail


**Hand Delivery**
(Counsel to EnerSys, Inc.)
Thomas G. Whalen, Jr., Esq.
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE  19801

**Hand Delivery**
(Mediator)
J. Richard Tucker, Esq.
Maron & Marvel, P.A.
1201 Market Street, Suite 900
Wilmington, DE  19801

**Hand Delivery**
(U.S. Trustee)
Mark S. Kenney, Esq.
Office of the United States Trustee
844 King Street, Room 2207
Lockbox 35
Wilmington, DE  19801

**Hand Delivery**
(Counsel to Prepetition Secured Lenders,
Credit Suisse First Boston)
Mark D. Collins, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE  19801

**Hand Delivery**
(Counsel to Post Petition Secured Lenders,
Citicorp USA, Inc.)
Richard S. Cobb, Esq.
Landis Rath & Cobb LLP
919 North Market Street, Suite 600
Wilmington, DE  19801

**Hand Delivery**
(Counsel to Post Confirmation Committee of
Unsecured Creditors)
David B. Stratton, Esq.
David M. Fournier, Esq.
Pepper Hamilton LLP
1313 Market Street, Suite 5100
Wilmington, DE  19801

**Hand Delivery**
(Counsel to Official Committee of Equity
Security Holders)
Laurie Selber Silverstein, Esq.
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
Wilmington, DE  19801

**First Class Mail**
(Counsel to EnerSys, Inc.)
Robert Lapowsky, Esq.
Stevens & Lee, P.C.
1818 Market Street, 29th Floor
Philadelphia, PA  19103-1702

**First Class Mail**
(Counsel to EnerSys, Inc.)
John J. Miravich, Esq.
Stevens & Lee, P.C.
111 North Sixth Street
Reading, PA  19063

**First Class Mail**
(Counsel to the Reorganized Debtor)
Matthew N. Kleiman, Esq.
Matthew N. Kleiman, P.C.
2506 North Clark Street, Suite 307
Chicago, IL  60614

**First Class Mail**
(Counsel to the Reorganized Debtor)
Paul R. Garcia, Esq.
Michelle A. H. Francis, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

**First Class Mail**
(Counsel to the Reorganized Debtor)
Roger P. Furey, Esq.
Katten Muchin Rosenman LLP
1025 Thomas Jefferson Street, N.W.
East Lobby, Suite 700
Washington, DC 20007-5201

**First Class Mail**
(Counsel to the Reorganized Debtor)
John P. Sieger, Esq.
Matthew A. Olin, Esq.
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661-3693

**First Class Mail**
(Counsel to Prepetition Secured Lenders,
Credit Suisse First Boston)
Douglas P. Bartner, Esq.
Marc B. Hankin, Esq.
Shearman & Sterling
599 Lexington Avenue
New York, NY 10022

**First Class Mail**
(Counsel to Post Petition Secured Lenders,
Citicorp USA, Inc.)
Marcia Landweber Goldstein, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

**First Class Mail**
(Counsel to Post Confirmation Committee of
Unsecured Creditors)
Fred S. Hodara, Esq.
Mary R. Masella, Esq.
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, NY 10022

**First Class Mail**
(Counsel to Post Confirmation Committee of
Creditors)
Cheryl A. Falvey, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036

**First Class Mail**
(Reorganized Debtor)
Holly Pritchard, Esq.
Barbara Hatcher, Esq.
Exide Technologies
13000 Deerfield Parkway, Building 200
Alpharetta, GA 30004